Taliaferro, J.
This is a suit to annul a tax sale. The judgment of the lower court was in favor of the defendant, dismissing the plaintiff’s demand, and the latter has appealed.
McNeill, the plaintiff, living in Missouri, bought through his agent, Murphy, residing in New Orleans, two vacant lots in the then city of Jefferson. At that time there were no taxes against the lots, but subsequently the corporation of the city of Jefferson levied upon them a tax of $7 50, and in October, 1869, instituted suit before the Eighth Justice’s Court of Jefferson parish, obtained judgment and caused the lots to be sold. They were adjudicated by the constable of that court to Peter J. Kramer and Jacob Hassinger at the price of $5. Seven or eight months after this sale, Murphy, the agent, went to the purchasers and offered to redeem the lots, offering to pay a sum larger than was required by law to redeem them, but the purchasers demanded $200. This extortionate sum Murphy refused to pay, and he brought this suit *679 to recover the property, alleging various nullities in the proceedings and claiming that the pretended sale set up by defendants is null and void. The suit was brought against McNeil as a resident of the State, when in fact he was and still is an absentee. It is insisted that he was never cited, either by citation in the ordinary form or by the notice published in the official journal, made to stand in lieu of citation. The evidence in the record bearing upon this point is, that on trial of the case in the court below, the defendant offered to show by a copy of the newspaper called “The Jeffersonian,” alleged to be the official journal of the city of Jefferson, that the required notice had been given by publication in that paper. The plaintiff objected to the introduction of the paper on the ground that it was not shown to be the official journal of the city of Jefferson, and he alleged further that he was able to show, by the testimony of two persons named, that “ The Jeffersonian” was not the official journal of the city of Jefferson in 1868 and 1869, when these proceedings were going on, but that “The Standard” and “The Louisiana Register” had successively been the official journal of that city, and that the'delinquent tax lists for taxes of 1868 had not been published in either of those papers. An agreement of counsel is found in the record, by which the plaintiff was allowed time to obtain the testimony of the witnesses named, the case to remain open and unsubmitted until the testimony of the witnesses, to be taken out of court, was presented to the court. It appears from a bill of exceptions, embodying the plaintiff’s objections to the admission of “The Jeffersonian ” as the official journal, that the judge proceeded to judgment in the case without waiting for the testimony desired by the plaintiff, which ruling is also excepted to and appears in the bill. When judgment was obtained against McNeil, proceeded against in the justice’s court as a resident of the State, a fieri facias was issued and the constable returned on the notice of seizure that McNeil was a nonresident. Thereupon a new suit was brought in January, 1870, against McNeil as an absentee for the same tax, and the suit was carried on contradictorily, with a curator ad hoc appointed to represent him. Judgment was rendered in this second suit against McNeil. But the fieri facias issued in the first suit, the old writ in the hands of the constable before the last judgment was rendered, was the fieri facias under which the lots were sold to satisfy the last judgment. This writ of fieri facias expired before the day of sale, ninth of April, 1870. It was issued on the twenty-seventh of December, 1869, and was returnable in thirty days thereafter. It was not returned by the constable and a copy taken out in the regular way. The original fieri facias is annexed to and makes part of the record. It shows that the Eighth Justice of the peace indorsed “renewals” on the back of the writ — the-first one *680 on the twenty-seventh January, 1870; the second, twenty-seventh February, 1870, and the third, twenty-seventh March, 1870. The constable’s indorsement across the back of the writ shows there was no return of the writ during the entire interval that elapsed between the day on which it was issued and the day of sale. It is especially urged that there was no legal seizure of the property made. None of the formalities required and made necessary by law to constitute a seizure by the sheriff' or other officer of the parishes of Orleans and Jefferson were complied with. Revised Statutes, 3628. All property seized under writs of justices of the peace, whether the same be movable or immovable, shall be appraised and sold in the same manner as property seized and sold by the sheriffs.” C. P., article 1145.
It is objected that the notice of seizure served upon the curator ad hoc was illegal, because McNeil was represented at the time by Murphy, clothed with plenary powers. The same defect, it is urged, applies to the notice of appraisement. Many other informalities are pointed out in the proceedings in this case as having taken place both before and after judgment. Other objections, urged as showing illegality in the sale of the property, are indicated.
We think it clear that these requirements have not been complied with in this case, and that nullity has thereby resulted. Entertaining these views, we deem it unnecessary to pass on the two bills of exceptions in the record.
• It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed.
It is further ordered that the alleged sale of the property for taxes, and which is set up as defendants’ title, be and the same is hereby declared null and void; that the plaintiff be decreed owner of the two lots for which he sues, and that a writ of possession issue according to law and that he be put in possession of the same, the defendants paying costs in both courts.